**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ZHILBERT KHUDABAKHSHYAN<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI<br><br>Respondents. | Case No: 5:26-cv-01080-MRA-ACCV<br><br>**ORDER CONVERTING TEMPORARY RESTRAINING ORDER INTO PRELIMINARY INJUNCTION** |

This habeas action was brought by Petitioner Zhilbert Khudabakhshyan, a noncitizen who was ordered removed in 2004 and detained by Immigration and Customs Enforcement ("ICE") on March 1, 2026. On March 11, the Court granted Petitioner's Ex Parte Application for a Temporary Restraining Order ("TRO") and ordered his immediate release. ECF 8. For the reasons stated below, the Court converts the TRO into a preliminary injunction.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The factual and procedural history of this case is detailed in this Court's Order Granting Petitioner's Application for a Temporary Restraining Order. ECF 8. The TRO required Pamela Bondi, United States Attorney General; Kristi Noem, then Secretary of

-1-

the Department of Homeland Security; U.S. Department of Homeland Security; Fereti Semaia, Warden of the Adelanto Detention Center; and Ernesto Santacruz, Jr., Acting ICE Field Office Director (collectively, "Respondents" or the "government") to immediately release Petitioner and enjoined Respondents from re-detaining Petitioner unless and until he is provided proper due process under the Constitution and immigration laws. *Id.* at 7. The Court further ordered Respondents to show cause why a preliminary injunction should not issue. *Id.* Respondents filed their response on March 18, 2026, arguing that Petitioner's request for habeas relief is moot because Petitioner was released on March 12, 2026, and any argument that he may be re-detained unlawfully is too speculative to warrant relief. ECF 9. Petitioner filed a reply on March 23, 2026, arguing that the request for a preliminary injunction is not moot because Petitioner continues to face the threat of unlawful detention given the government offered no assurances it will follow proper procedures should it re-detain Petitioner. ECF 10.

## II.     DISCUSSION

The analysis that courts must perform for temporary restraining orders and preliminary injunctions is "substantially identical." *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 (9th Cir. 2001). For the reasons stated in the TRO, the Court finds that Petitioner is entitled to preliminary relief. ECF 8; *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). The government's response to the Order to Show Cause does not present any new arguments or facts not previously addressed in the TRO filings. Instead, the government contends that the Petition is moot only because Petitioner has been released as ordered by the Court and cannot show that he will be re-detained unlawfully in the future. ECF 9 at 2-3. The Court disagrees. A case becomes moot—and therefore no longer a "case" or "controversy" for purposes of Article III—when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. *Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014) (citing *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013)). "The nature of a TRO is only, as referenced in the name, temporary. Petitioner can still be unlawfully re-detained when the TRO expires, and

as such, the Court can still provide Petitioner relief should that occur." *Bui v. Noem*, No. 5:25-CV-03370-RGK-AJR, 2026 WL 353620, at *2 (C.D. Cal. Feb. 6, 2026); *see also M.V.F. v. Santacruz*, No. 2:25-CV-11700-MEMF-E, 2026 WL 127740, at *3–4 (C.D. Cal. Jan. 6, 2026); *Esmail v. Noem*, No. 2:25-CV-08325-WLH-RAO, 2025 WL 3030589, at *3 n.5 (C.D. Cal. Sept. 26, 2025); *Decyatnik v. Noem*, No. 2:25-CV-10027-AH-PD, 2026 WL 434933, at *2 (C.D. Cal. Feb. 12, 2026); *Sarkisyan v. Noem*, No. 2:26-CV-00504-SPG-ADS, 2026 WL 413638, at *3–4 (C.D. Cal. Feb. 10, 2026).

## III.  CONCLUSION

For the foregoing reasons, Plaintiff's request for a preliminary injunction is **GRANTED**.  For the duration of this action:

1. Respondents are **ENJOINED** from re-detaining Petitioner unless and until he is provided proper due process under the Constitution and immigration laws; and

2. The parties are directed to follow the orders of the Magistrate Judge with respect to further proceedings.

**IT IS SO ORDERED.**

Dated: March 25, 2026

HON. MONICA RAMIREZ ALMADANI
UNITED STATES DISTRICT JUDGE

-3-